# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN RANDOLPH IV, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-18-319-RAW ) |
| BOARD OF COUNTY COMMISSIONERS OF CARTER COUNTY, an Oklahoma subdivision; and SHERIFF CHRIS BRYANT, in his official and individual capacity, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## **O R D E R**

This matter comes before the Court on Defendants' Motion to Quash Plaintiff's Subpoena Duces Tecum to the OSBI (Docket Entry #84). This Motion was referred to the undersigned by United States District Judge Ronald White, the presiding judge in this case.

In this employment case based in 42 U.S.C. § 1983 and state law claims, Plaintiff served a subpoena upon the Oklahoma State Bureau of Investigation ("OSBI") seeking (1) the "OSBI Final Investigation Report (Prosecution Report) and attachements (sic) investigating Carter County and City of Wilson use of force in June 2019 on Jared Wayne Lake"; and (2) "Final Reports of any OSBI investigation concerning any Carter County Sherriff (sic) Office

1

use of force in the past 6 years." *See* Plaintiff's Notice of Subpoena Duces Tecum to Non-Parties, attachment, Exhibit 1 to Defendants' Motion to Quash (Docket Entry #84).

Defendants challenge this subpoena, contending that the case is based in the alleged wrongful termination of Plaintiff after an incident where Plaintiff employed force upon an inmate of the Carter County Jail. As a result, Defendants assert that the investigative reports Plaintiff seeks are not relevant to the claims in this case. Moreover, any investigative reports from six years prior to this incident are irrelevant because Defendant Bryant only became the Sheriff of Carter County four days prior to the incident involving Plaintiff.

Fed. R. Civ. P. 45(d)(3)(B) sets forth the circumstances warranting a motion to quash in providing, in pertinent part:

> **(3) *Quashing or Modifying a Subpoena*.**
>
> **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> **(i)** fails to allow a reasonable time to comply;
>
> **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> **(iii)** requires disclosure of privileged or other protected matter, if no

2

>                   exception or waiver applies; or
>
>           **(iv)**  subjects a person to undue burden.
>
>     **(B)** *When Permitted*. To protect a person
>           subject to or affected by a subpoena, the
>           court for the district where compliance
>           is required may, on motion, quash or
>           modify the subpoena if it requires:
>
>           **(i)**   disclosing a trade secret or other
>                   confidential research, development, or
>                   commercial information; or
>
>           **(ii)**  disclosing an unretained expert's
>                   opinion or information that does not
>                   describe specific occurrences in
>                   dispute and results from the expert's
>                   study that was not requested by a
>                   party.

Generally, absent a claim of privilege, personal interest or proprietary interest, a party lacks standing to quash a subpoena served on a third party. Howard v. Segway, Inc., 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) citing Washington v. Thurgood Marshall Academy, 230 F.R.D. 18 (D.D.C. 2005); Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D.Kan. 1995). Plaintiff served the subpoena upon the OSBI and it is that entity which is entitled to challenge the subpoena, unless Defendants can show that they have a personal right to be protected or that the documents are subject to privilege – the burden to show which lies with Defendants. Id. citing Washington, 230 F.R.D. at 21. Defendants' challenge to the subpoena rests primarily upon relevancy. They

have not attempted to make a showing of personal interest or privilege. Indeed, they did not reply to Plaintiff's response to the Motion to Quash after Plaintiff raised the issue of standing. Accordingly, Defendants lack standing to challenge the subpoena issued by Plaintiff upon the OSBI.

IT IS THEREFORE ORDERED that Defendants' Motion to Quash Plaintiff's Subpoena Duces Tecum to the OSBI (Docket Entry #84) is hereby **DENIED.**

IT IS SO ORDERED this 10th day of April, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE