IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN RANDOLPH IV, an individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-18-319-RAW ) |
| BOARD OF COUNTY COMMISSIONERS OF CARTER COUNTY, an Oklahoma subdivision; and SHERIFF CHRIS BRYANT, in his official and individual capacity, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**O R D E R**

This matter comes before the Court on Defendants' Motion for Protective Order and/or to Quash Plaintiff's Fed. R. Civ. P. 30(b)(6) Deposition Notice to Carter County (Docket Entry #89). This Motion was referred to the undersigned by United States District Judge Ronald White, the presiding judge in this case.

Plaintiff issued a notice pursuant to Fed. R. Civ. P. 30(b)(6) on October 25, 2019. Defendants first object to the scheduling of the depositions as being in conflict with their counsel's schedule, gave insufficient time to designate an appropriately prepared Rule 30(b)(6) witness, and was noticed too close to the end of discovery. Events have overtaken this objection since the Court struck all deadlines pending the resolution of Defendant Bryant's qualified immunity defense.

1

Further, the current pause in personal interaction due to the COVID-19 virus has caused the Court to strike hearings on pending motions.  As a result, the timeliness argument is of little moment to the current status of this case.

Defendants also object to the number of topics to be covered in the deposition as being burdensome.  Plaintiff has designated 19 topics for discussion at the deposition of Defendants' Rule 30(b)(6) witness.  Defendants contend that the "sheer number" of topics designated by Plaintiff "is *per se* unreasonably burdensome, oppressive, and not proportional to the needs of the case."  Nothing in the Rule nor the case authority establishes that the number of topics that are designated determines whether the request is burdensome.  Rather, the relevancy and extensiveness of the response required in comparison with the proportional need for the case determines whether the requested information is *unreasonably* burdensome and oppressive.  The Court will examine the challenged topics in turn.

Defendants contend that Topics 1, 5, and 7 are burdensome as they request information for three years prior to the incident at issue in this case which resulted in Plaintiff's termination.  Generally, these topics seek training information from 2013 to 2016.  Plaintiff was employed with the Carter County Sheriff's Office from May of 2016 until December 22, 2016 with Defendant Bryant acting as Sheriff beginning December 1, 2016.  Plaintiff's request is unduly and unreasonably burdensome given that it covers training materials from a period well

2

outside of when Defendant Bryant was in office and his policies were in place. Plaintiff was terminated under Defendant Bryant's policies, including his training, and only those materials are relevant to the propriety of Plaintiff's termination. Topics 1, 5, and 7 are excluded from the requirements of a Rule 30(b)(6) witness.

Similarly, Topic 11 requests information on protecting any employees' Fifth Amendment rights during administrative investigations before *December 22, 2015*. This erroneously identifies Plaintiff's termination date a year earlier than it occurred. Again, the only relevant time for this type of information relates to Defendant Bryant's policies while Sheriff and at the time of Plaintiff's termination. Topic 11 is excluded from the Rule 30(b)(6) witness testimony.

Topic 12 and 15 also relate to a time well before Defendant Bryant's tenure. Plaintiff again sets out an erroneous date for his termination. These topics is also excluded from the required preparation of Defendants' Rule 30(b)(6) witness insofar as they seek information for a period well in advance of Plaintiff's termination.

Defendants also seek to exclude Topics 2, 6, 8, 13, and 15 to the extent that they seek information well after Plaintiff's termination. Plaintiff is entitled to determine whether Defendant Bryant and the Sheriff's office consistently applied its policies with regard to use of force. Defendants' 30(b)(6) witness shall be prepared to testify on these issues.

Defendants also object to the preparation of their witness on

3

topics for which Plaintiff has also sought written discovery. As Defendants note and this Court maintains, Plaintiff may seek to use any appropriate avenue of discovery to obtain relevant information. Defendants' Rule 30(b)(6) witness shall be prepared on matters that were also covered by Plaintiff's written discovery and contained in the Rule 30(b)(6) notice.

IT IS THEREFORE ORDERED that Defendants' Motion for Protective Order and/or to Quash Plaintiff's Fed. R. Civ. P. 30(b)(6) Deposition Notice to Carter County (Docket Entry #89) is hereby **GRANTED**, in part, and **DENIED**, in part, as more fully set forth herein.

IT IS SO ORDERED this 7th day of May, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE