# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOHN RANDOLPH IV,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. CIV-18-319-RAW** |
| | ) | |
| **BOARD OF COUNTY** | ) | |
| **COMMISSIONERS OF CARTER,** | ) | |
| **COUNTY, et al.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is the motion of the defendant Chris Bryant for summary judgment. Plaintiff alleges claims of (1) retaliation in violation of the First Amendment; (2) retaliation for political speech in violation of the First Amendment; (3) violation of due process; and (4) defamation.[1]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. A dispute is genuine when the evidence is such that a reasonable jury

---

[1] In the first amended complaint (#15), plaintiff also asserted a state-law claim for wrongful discharge. This claim is not addressed in the summary judgment briefing and appears to have been abandoned. If not, it only remains standing as to Bryant in his individual capacity. (*See* #45). If still viable, it is dismissed without prejudice under the reasoning below.

could return a verdict for the nonmoving party; a fact is material when it might affect the outcome of the suit under governing law. *See Foster v. Mountain Coal Co.,* 830 F.3d 1178, 1186 (10th Cir.2016). The court must view all evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC,* 887 F.3d 1003, 1027 (10th Cir.2018).

Plaintiff was hired by then-Sheriff Milton Anthony in May, 2016 as a jailer in the Carter County Jail. Anthony was suspended from office July 1, 2016 due to criminal charges. He resigned from office effective November 7, 2016. Defendant Bryant took office as Sheriff of Carter County on December 1, 2016. On December 5, 2016, plaintiff struck an inmate (plaintiff says in self-defense). Defendant Bryant states he learned of the incident on December 13, 2016 and launched an investigation.

Plaintiff claims Bryant informed plaintiff that information had been sent to the District Attorney's Office for possible charges. (#104-1 at page 55 of 89 in CM/ECF pagination, ll. 20-23). Plaintiff, however, also testified that Bryant at one point denied that "charges" had been "sent over" to the District Attorney's Office. (#104-1 at page 57 of 89 in CM/ECF pagination, ll.22-23). Plaintiff inquired if the investigation was criminal or internal. Bryant told him it was internal. Plaintiff contends he asked if he would receive a *Garrity* notice.[2] He also contends he inquired about a warning pursuant to *Miranda v. Arizona,* 384 U.S. 436

---

[2] *See Garrity v. New Jersey,* 385 U.S. 493 (1967)(a government threat of loss of employment to obtain incriminatory evidence against an employee violates the Fourteenth Amendment).

(1966).

Plaintiff's employment was ultimately terminated on December 22, 2016 for (he claims) refusal to confess to the crime of assault. Plaintiff states he was willing to serve a three-day suspension, but refused to confess he committed a crime. Defendant contends plaintiff was not fired for the use of force, but for stating he would "do it again."[3] Plaintiff alleges defendants have sought to induce plaintiff's termination at some other places of employment and to prevent him from being hired at others. Plaintiff sues both Bryant and the Board of County Commissioners of Carter County.

Plaintiff contends he was retaliated against for: (1) (a) criticizing the nature of the investigation, (b) objecting to and insisting on a *Garrity* notice, and (c) his refusal to admit to criminal conduct;[4] (2) publicly and openly opposing the candidacy of Bryant for Sheriff. The claims will be addressed in this order.

As to (1), the elements of such a claim are (1) the protected activity was not made pursuant to an employee's official duties; (2) the protected speech addressed a matter of

---

[3] The court finds this aspect ambiguous. Plaintiff contends he meant he would exercise self-defense in the same situation, i.e., a perceived threat. (*See* #128 at page 16 of 33, Response 37.) The court views the evidence in the light most favorable to plaintiff, but this does not require the conclusion that defendant's interpretation at the time was manifestly unreasonable.

[4] The claim in (c) is more appropriately understood to arise under the Fifth Amendment. *See Lozano v. Ortega,* 2014 WL 6611595, *11 (W.D.Tex.2014). In any event, the court finds plaintiff has not raised a genuine dispute of material fact as to (c).

public concern; (3) the government's interests as an employer did not outweigh the employee's free-speech interests; (4) the protected speech was a motivating factor in the adverse employment action; and (5) the defendant would not have made the same employment decision in the absence of the protected speech. *Lincoln v. Maketa,* 880 F.3d 533, 538 (10th Cir.2018). "The first three elements are issues of law for the court to decide, while the last two are factual issues typically decided by the jury." *Knopf v. Williams,* 884 F.3d 939, 945 (10th Cir.2018).

Neither party has discussed the first element, but the court will do so. The rationale regarding the first element is that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their comments from employer discipline." *Seifert v. Unified Government of Wyandotte County,* 779 F.3d 1141, 1151 (10th Cir.2015). The Tenth Circuit has "taken a broad view of the meaning of speech that is pursuant to an employee's official duties." *Chavez-Rodriguez v. City of Santa Fe,* 596 F.3d 708, 713 (10th Cir.2010). It has described the first prong as a "heavy barrier" for a plaintiff. *Casey v. West Las Vegas Indep. Sch. Dist.,* 473 F.3d 1323, 1331 (10th Cir.2007).

There is no bright-line rule governing when employees are speaking as part of their official duties. *Lincoln,* 880 F.3d at 538. Courts therefore, on a case by case basis, "take a practical view of all the facts and circumstances surrounding the speech and the employment relationship." *Knopf,* 884 F.3d at 946. The court looks to both the content of the speech, as

4

well as the employee's chosen audience. *Poff v. Oklahoma,* 683 Fed.Appx. 691, 698 (10th Cir.2017). In general, the court focuses on whether the speech activity stemmed from and was of the type that the employee was paid to do. *Id.* Although no one factor is dispositive, this focus is the guiding principle in determining if speech is made pursuant to official duties. *Ellison v. Roosevelt Co.*, 700 Fed.Appx. 823, 828 (10th Cir.2017).

In the case at bar, the speech at issue arose in the context of an internal investigation. Plaintiff's objection to the conduct of the investigation was conveyed to those conducting the investigation themselves, i.e., within the chain of command. Speech about workplace matters communicated through proper chain of command is typically deemed within the scope of official duties. *Trant v. Oklahoma,* 426 Fed.Appx. 653, 659 (10th Cir.2011). *See also Rohrbough v. Univ. of Colo. Hosp. Auth.,* 596 F.3d 741, 747 (10th Cir.2010). This is not to say that there is a *per se* rule that speaking outside the chain of command is protected. *See Chavez-Rodriguez v. Santa Fe,* 596 F.3d 709, 716 (10th Cir.2010).[5]

As previously stated, the incident in the jail resulted in an internal investigation. During the course of that investigation, plaintiff objected to the fact that he was not given *Miranda* and *Garrity* notices. His objection thus involved the manner in which the investigation was conducted and was communicated solely to those conducting the

---

[5] As this court noted in denying defendants' motion to dismiss, failing to speak publicly (e.g. to the media) is not dispositive as to the second element, whether the speech was a matter of public concern. *See Cvancara v. Reams,* 676 Fed.Appx. 774 n.5 (10th Cir.2017). Regarding the first element, speaking "outside the chain of command" does not necessarily mean speaking to the media.

5

investigation. Accordingly, both (1) the content of plaintiff's speech and (2) his chosen audience indicate that the speech was within the scope of his official duties.

Plaintiff's first claim fails on that ground alone, but (for the sake of thoroughness) the court now turns to the second element. The First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern. *Helquist v. Beamer,* 763 Fed.Appx. 705, 711 (10th Cir.2019). The government, however, has a countervailing interest in controlling the operation of its workplaces. *Id.*

Speech involves matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public. *Butler v. Bd. of Cty. Comm'rs,* 920 F.3d 651, 655-56 (10th Cir.2019). Plaintiff must demonstrate that his speech involved a matter of public concern and not merely a personal issue internal to the workplace. *Moore v. City of Wynnewood,* 57 F.3d 924, 931 (10th Cir.1995). Speech relating to internal personnel disputes and working conditions ordinarily will not be viewed as addressing matters of public concern. *Morris v. City of Colo. Springs,* 666 F.3d 654, 661 (10th Cir.2012).

The court considers the motive of the speaker and whether the speech is calculated to disclose misconduct or merely deals with personal disputes and grievances unrelated to the public's interest. *Brammer-Hoelter v. Twin Peaks Charter Acad.,* 492 F.3d 1192, 1205 (10th Cir.2007). On the other hand, statements revealing official impropriety usually involve

matters of public concern.  *Id.*

Plaintiff's alleged objection might reveal official impropriety if his statement indicated that defendants did not generally give *Miranda* warnings to criminal suspects. Here, his statement was only an objection to the investigation involving himself, and it was an internal investigation.  The court concludes plaintiff's claim fails as to the second element as well.

The third element considers "whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests."  *Singh v. Cordle,* 936 F.3d 1022, 1034 (10th Cir.2019).  The Tenth Circuit has stated that this "step in the inquiry is not a simple matter."  *Trant v. Oklahoma,* 426 Fed.Appx. 653, 661 (10th Cir.2011).  While framed as a balancing test, it actually places a substantial threshold burden on the employer before balancing is even considered.  *Id.* Unless the government employer can show that the termination was based on legitimate reasons grounded in the efficient conduct of political business, there is no need to proceed to balancing, and the First Amendment interest of the plaintiff prevails.  *Id.*

Once again, neither party has addressed this element.  Unlike in *Trant*, a summary judgment record exists and the court could conceivably undertake its own analysis, but declines to do so.  Because defendant bears the initial burden on this element, the court finds plaintiff's claim does not fail as to this element.  The court declines to address the fourth and fifth elements because they are generally determinations for the trier of fact and this motion

can be resolved without discussion of them.

The court also grants defendant's motion as to the Count alleging political speech retaliation. Plaintiff must show a genuine dispute that (1) political affiliation and/or beliefs were substantial or motivating factors behind his dismissal and (2) his position did not require political allegiance. *Smith v. Martinez,* 608 Fed.Appx. 620, 622 (10th Cir.2015). The court agrees with defendant that plaintiff's claim fails as to the first prong.

Anthony was suspended from office July 1, 2016. Plaintiff was discharged in Decemeber, 2016. This is insufficient temporal proximity. Plaintiff has also not demonstrated that Bryant knew plaintiff had supported Anthony for the sheriff's election. (*See* #104 at page 14 of 32 in CM/ECF pagination, ¶46; #104-1 at page 73 of 89 in CM/ECF pagination, ll.5-6). Even viewing the record in the light most favorable to plaintiff, there is insufficient evidence from which an inference of pretext could be drawn such that the claim would survive the present motion.

Plaintiff also brings a procedural due process claim for the liberty interest in his reputation. Where a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him, a protectable liberty interest may be implicated. *Abdi v. Wray,* 942 F.3d 1019, 1032 (10th Cir.2019). Damage to reputation alone, however, is not enough to implicate due process protections. *Al-Turki v. Tomsic,* 926 F.3d 610, 617 (10th Cir.2019). Rather, plaintiff must establish "stigma-plus." The "plus factor" is some change in legal status. *Id.* Plaintiff must establish that he suffered the loss of a right or

interest that has attained constitutional status by virtue of the fact that it was initially recognized and protected by state law and the State seeks to remove or significantly alter that protected status. *Abdi,* 942 F.3d at 1033.

In the context of a governmental employee's "stigma-plus" claim, plaintiff is required to show (1) the defendant's statements impugned his good name, reputation, honor or integrity; (2) the statements were false; (3) the statements occurred in the course of terminating the employee [and] will foreclose other employment opportunities; and (4) the statements were published. *Bjorkland v. Miller,* 467 Fed.Appx. 758, 767 (10th Cir.2012). As originally formulated by the Tenth Circuit, the third element was stated in the disjunctive; the appellate court has since clarified the element "is conjunctive, and that in order to satisfy it, the employee must show both that the defamatory statement occurred in the course of employment termination and that it will foreclose other employment opportunities." *Id.* If the four conditions are met, the government must afford the plaintiff "an adequate name-clearing hearing." *Rogers v. Alezopulos,* 549 Fed.Appx. 771, 774 (10th Cir.2013).[6]

Plaintiff relies upon an affidavit by Johnny Turner (#128-23), Chief of Police for the City of Healdton, Oklahoma. Turner states that statements by Bryant about the circumstances of plaintiff's termination caused Turner to decline to hire plaintiff for the

---

[6]"When an employee's liberty interest is infringed upon, he must receive an adequate name-clearing hearing." *McDonald v. Wise,* 769 F.3d 1202, 1213 (10th Cir.2014). After a discussion of Tenth Circuit authority, one court states: "It is not entirely clear when a name-clearing hearing is the appropriate remedy and when monetary damages are the appropriate remedy." *Salazar v. City of Albuquerque,* 2014 WL 6065603, *39 (D.N.M.2014).

Healdton Police Department. Defendant contends that this statement was not made "in the course" of terminating plaintiff. The court disagrees. The Tenth Circuit does not require the statements to be strictly contemporaneous, but roughly contemporaneous with a termination *See Renaud v. Wyo. Dep't of Family Servs.,* 203 F.3d 723, 727 (10th Cir.2000). The appellate court has held that (as in the case at bar) a statement made one month after termination was sufficiently contemporaneous. *See McDonald v. Wise ,* 769 F.3d 1202, 1212 (10th Cir.2014).

This court concludes that plaintiff's claim nevertheless fails because the Turner affidavit only establishes loss of a single job. Plaintiff must demonstrate a genuine dispute of material fact as to whether the statements foreclosed employment opportunities (plural). Plaintiff needs to show that the government's action had the broad effect of largely precluding the plaintiff from pursuing his chosen career. *See Katseva v. Dep't of State,* 37 F.3d 1524, 1528 (D.C.Cir.1994). The example of one job is insufficient to show broad preclusion from continuing his career. *See Jefferson v. Harris,* 170 F.Supp.3d 194, 205-06 (D.D.C.2016). Rather, the burden is to show that his ability to pursue his chosen profession has been seriously affected, if not destroyed. *See O'Donnell v. Barry,* 148 F.3d 1126, 1141-42 (D.C.Cir.1998). Plaintiff has not done so. As defendant notes, "Plaintiff has been hired by numerous other law enforcement agencies in the mean-time, all the way through the present day. . . " (#137 at 9).

In an alternative argument, Bryant contends he is entitled to the defense of qualified immunity as to any or all of the federal claims asserted against him. When a defendant

asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show with respect to each claim that (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established. *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir.2009).[7] Because the court has granted summary judgment on the merits, it declines to address that argument. *See Duvall v. Putnam City Sch. Dist.,* 2011 WL 3739247 n.32 (W.D.Okla.2011).

All federal claims having been dismissed, the court will dismiss plaintiff's state-law claim for defamation without prejudice. *See* 28 U.S.C. §1367(c)(3); *Brooks v. Gaenzle*, 641 F.3d 1213, 1229-30 (10th Cir.2010).

---

[7]The defense of qualified immunity is available only in suits against officials sued in their personal capacities, not in suits against officials sued in their official capacities. *Cox v. Glanz,* 800 F.3d 1231, 1239 n.1 (10th Cir.2015). The parties dispute whether Bryant has been sued in both capacities, but the court concludes he has been. (*See* #128 at page 31 of 33 in CM/ECF pagination). Plaintiff argues that his official capacity suit may proceed because he "is not required to show a prior policy or custom" since the Sheriff is the final policymaker with regard to the jail, citing *Layton v. Bd. of County Comm'rs,* 512 Fed.Appx. 861 (10th Cir.2013)(*See* #128 at page 30 of 33 in CM/ECF pagination). The court disagrees. A showing of official policy or custom is required for "municipal" liability. *See Goss v. Bd.of County Comm'rs,* 645 Fed.Appx. 785, 789 (10th Cir.2016). Plaintiff has not made such showing.

It is the order of the court that the motion of defendant Bryant for summary judgment (#104) is hereby granted as to plaintiff's federal claims. Bryant is dismissed in both his individual and official capacity. Any state-law claim is dismissed without prejudice.

Plaintiff's motion regarding front pay experts (#67) is deemed moot.

**IT IS SO ORDERED** this 19th day of JUNE, 2020.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**